**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BB MANAGEMENT LLC, | : | NO. 1:25-CV-01643 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| GROUNDFLOOR PROPERTIES | : | |
| GA, | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

The Plaintiff, BB Management LLC, brought this action seeking equitable remedies, alleging that the Defendant, Groundfloor Properties GA, will be unjustly enriched through a foreclosure sale of four properties that the Plaintiff owns. Complaint, doc. 1. The Defendant moved to dismiss the Complaint, and the Plaintiff opposed. Docs. 5, 9. Because the Plaintiff fails to state a plausible claim of unjust enrichment, the Court will grant the Defendant's motion to dismiss.

I.    **BACKGROUND**

In considering this motion to dismiss, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

Page 1 of 11

The Plaintiff is a business entity in Pennsylvania that purchased four properties from Dauphin County through an upset tax sale. Doc. 1 ¶¶ 1, 8-9. When they were sold, the properties were dilapidated, so the Plaintiff spent money on repairs. *Id.* ¶ 12. But the Plaintiff did not know that the properties were also subject to mortgage liens. *Id.* ¶ 10.

The mortgage liens belong to the Defendant, a lending institution in Georgia. *Id.* ¶ 5. Because the tax sale did not extinguish the mortgage liens, the Plaintiff alleges that the Defendant, through a potential mortgage foreclosure sale, "will realize sums far greater than that which they would have realized had said properties not been improved and renovated, and had not the said tax liens been paid." *Id.* ¶¶ 10, 19. The Plaintiff alleges that it paid taxes and made improvements on the properties in the amount of at least $278,416. *Id.* ¶ 21.

On September 3, 2025, the Plaintiff filed the Complaint, invoking the Court's diversity jurisdiction and alleging a single count of unjust enrichment. Doc. 1 ¶¶ 3, 5. The Defendant moved to dismiss, and the parties filed their respective briefs. Docs. 5, 7, 9. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all

proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 12.

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a Rule 12(b)(6) motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation modified).

A district court must conduct a three-step analysis when considering the sufficiency of a complaint under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court can discard bare legal conclusions or factually unsupported accusations

that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 555. Third, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211, quoting *Iqbal*, 556 U.S. at 679. A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210, quoting *Iqbal*, 556 U.S. at 678. On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

## III.  DISCUSSION

The Defendant raises two arguments in support of its motion to dismiss: (1) that the parties' relationship is governed by a written contract, the existence of which bars an unjust enrichment claim under Pennsylvania law; and (2) that the Plaintiff fails to state a plausible unjust enrichment claim. *See* Def.'s Br., doc. 7 at 4, 6. The first argument narrowly fails, but the second carries the day. The Court will grant the Defendant's motion to dismiss because the Plaintiff has pleaded

insufficient factual allegations to state a plausible unjust enrichment claim.

## A.    Unjust enrichment claim—threshold requirement

The Defendant first argues that the Plaintiff's unjust enrichment claim is unavailable under Pennsylvania law because the parties' relationship is governed by a written contract. Doc. 7 at 4. The Plaintiff responds that the Defendant's argument is premature and that "if there is a contract as argued, the terms are not known." Pl.'s Br., doc. 9 at 2.

Under Pennsylvania law, the doctrine of unjust enrichment is inapplicable when the relationship between the parties is founded upon a written agreement or express contract. *Wilson Area Schl. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006); *Hershey Foods Corp. v. Ralph Chapek, Inc.*, 828 F.2d 989, 999 (3d Cir. 1987). But "a *de minimis* conceptual overlap between an express contract and an implied contract is not enough for the former to preclude the latter." *Hickey v. Univ. of Pittsburgh*, 81 F.4th 301, 309-10 (3d Cir. 2023), citing *Baer v. Chase*, 392 F.3d 609, 617 (3d Cir. 2004) ("The existence of an express contract . . . does not preclude the existence of an implied contract if the implied contract is distinct from the express contract."). When the existence or

applicability of a contract is in dispute, the federal rules of civil procedure permit an unjust enrichment claim. *Id.* at 315-16.

Here, the Plaintiff has not pleaded a breach of contract claim and does not allege the existence of a written agreement between the parties. *See generally* doc. 1. Although the Defendant argues that the parties' relationship is that of a "mortgage holder and property owner," and that a "recorded mortgage agreement governs that relationship," (doc. 7 at 5), neither party has provided the Court with any such written agreement. Thus, at minimum, the Court finds that the unjust enrichment claim clears this threshold requirement because "the existence or applicability of a contract is in dispute." *Hickey*, 81 F.4th at 315-16; *see Rahemtulla v. Hassam*, 539 F. Supp. 2d 755, 781 (M.D. Pa. 2008), citing *Baker v. Family Credit Counseling Corp.*, 440 F. Supp. 2d 392, 420 (E.D. Pa. 2006) (allowing claims for unjust enrichment to proceed against defendants who were not parties to the original contract).[1]

---

[1] It does not escape the Court's notice that Plaintiff appears to be attempting to have its cake and eat it too. In its brief, Plaintiff argues that it has yet to be determined who the holder of the mortgages is and whether "this Defendant" has standing to enforce the contracts. Doc. 9 at 6. But Plaintiff has sued "this Defendant" on the basis that this "Defendant did hold mortgages" on all of the relevant properties. Doc. 1

## B.    Unjust enrichment claim—pleading standard

The Defendant next argues that the Plaintiff has failed to state a plausible unjust enrichment claim because the Defendant: (1) has not been enriched by the Plaintiff's payment of taxes on the properties; (2) did not make any request of the Plaintiff to make tax payments or repairs on the properties; and (3) the Plaintiff must bear the consequences as the rule of *caveat emptor* ("let the buyer beware") applies with respect to tax sales. *See* doc. 7 at 7-10.

"To sustain a claim of unjust enrichment, a claimant must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that it would be unconscionable for her to retain." *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 180 (3d Cir. 2008), citing *Torchia v. Torchia*, 499 A.2d 581, 582 (Pa. Super. Ct. 1985). However, a claim for unjust enrichment requires more than a showing that the defendant may have benefited in some way from the disputed conduct. *Id.*, citing *Walter v. Magee–Womens Hosp.*, 876 A.2d 400, 407 (Pa. Super. Ct. 2005). The most significant element of the

at 1. Indeed, if Plaintiff had not determined that Groundfloor held the notes on these properties, why did Plaintiff sue "this Defendant?"

doctrine is whether the enrichment of the defendant is unjust. *EuroOptic Ltd. v. W.L. Gore & Assocs., Inc.*, 781 F. Supp. 3d 320, 331 (M.D. Pa. 2025). Here, the Plaintiff has failed to allege sufficient factual allegations to raise a plausible unjust enrichment claim.

To begin with, the Plaintiff has not sufficiently alleged that the Defendant has received a benefit. The Plaintiff paid taxes at an upset tax sale to purchase the properties from Dauphin County. Doc. 1 ¶¶ 8-9.  The Defendant, as mortgagee, neither owed a duty to pay nor received any benefit from the Plaintiff's transaction with Dauphin County. *See First Nat. Bank of Ashley v. Reily*, 67 A.2d 679, 681 (Pa. Super. Ct. 1949), citing *Home Owner's Loan Corp. v. Murdock*, 28 A.2d 498, 500 (Pa. Super. Ct. 1942) (noting that "a judgment creditor was under no obligation to pay taxes upon the premises."). Even assuming *arguendo* that the Defendant somehow reaped a benefit, "an unjust enrichment may not be based on the performance of an obligation that is independently owed to third parties." *Sovereign Bank*, 533 F.3d at 181, citing Restatement of Restitution § 106 (1937) ("A person who, incidentally to the performance of his own duty . . . has conferred a benefit upon another, is not thereby entitled to contribution."). As a mortgagee, the Defendant was not obliged

to pay taxes to Dauphin County and the Plaintiff's payment of those taxes to purchase the properties—benefitting itself—cannot be the basis for an unjust enrichment claim against the Defendant. *See Allegheny Gen. Hosp. v. Phillip Morris, Inc.*, 228 F.3d 429, 447 (3d Cir. 2000) (citation modified) ("Without a legal obligation on the part of defendants to pay, the payment by plaintiffs did not benefit defendants.").

The Plaintiff has also failed to sufficiently allege how any benefit to the Defendant from the Plaintiff's payment of taxes and improvements would be unjust. "It is well settled that land purchased at a tax sale comes with no guarantee of title." *Plank v. Monroe Cnty. Tax Claim Bureau*, 735 A.2d 178, 184 (Pa. Commw. Ct. 1999). "The rule of *caveat emptor*, i.e., let the buyer beware, applies to property sold at real estate tax sales." *Id.* at 183, citing *Fulton County v. Tate*, 47 Pa. 532 (1864), citing *In re Jud. Sale, Tax Claim Bureau of Northampton Cnty.*, 720 A.2d 818 (Pa. Commw. Ct. 1998). Pennsylvania courts have held that there are risks associated with purchasing properties at tax sales, and these risks are to be borne by the purchasers. *Rao v. Lot Holding Co., LLC.*, No. 1169 C.D. 2013, 2014 WL 2156634, at *6 (Pa. Commw. Ct. May 20, 2014). Here, the Plaintiff bore the risk of purchasing the properties, which were encumbered by the

Defendant's mortgage liens. The Plaintiff does not dispute this fact. *See* doc. 1 ¶ 10. The Court fails to see how the risks that the Plaintiff bore make any hypothetical benefit to the Defendant unjust.

Because the Plaintiff has failed to allege a benefit, let alone one that is unjust, conferred on the Defendant from the Plaintiff's payment of taxes and improvements to the properties, the Court will dismiss the Complaint without prejudice.[2] The Plaintiff shall have thirty days to file an amended complaint. *See Phillips*, 515 F.3d at 236, citing *Grayson v.*

---

[2] Although the Defendant does not brief this issue, the Court notes that the Plaintiff may lack standing to bring an unjust enrichment claim. *See Seneca Resources Corp. v. Township of Highland*, 863 F.3d 245, 252 (3d Cir. 2017) (noting the Court's continuing obligation to consider issues of standing). Standing doctrine consists of three elements that form an "irreducible constitutional minimum" necessary to invoke the jurisdiction of this Court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). It requires a plaintiff to demonstrate: (1) a concrete, particularized injury in-fact, which must be actual or imminent, not conjectural or hypothetical; (2) causation; and (3) a likelihood that a favorable decision would redress the injury. *See id.* Here, the Plaintiff's unjust enrichment claim is contingent on the occurrence of a mortgage foreclosure sale which the Plaintiff does not allege has happened. *See* doc. 1 ¶ 19 (indicating that that the Defendant "will conduct" a foreclosure sale and that it "will realize sums far greater . . . ."); *see also* doc. 7 ("At the time of filing, no such Judicial Mortgage Foreclosure sale has been held for any of the Properties."). Such a speculative injury, at best hypothetical and contingent on the occurrence of the foreclosure sale, appears insufficient to confer standing. If Plaintiff intends to file an Amended Complaint, such Complaint must include sufficient facts to establish standing.

*Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) ("We have instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile.").

## IV.    CONCLUSION

Accordingly, the Defendant's motion to dismiss (doc. 5) is granted. An appropriate order follows.


Date: May 21, 2026                         s/*Sean A. Camoni*
                                           Sean A. Camoni
                                           United States Magistrate Judge